[L. A. No. 7646. In Bank.—July 6, 1923.]

## J. M. TANNAHILL, Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

[1] BILLS OF EXCEPTIONS—SUFFICIENCY OF EVIDENCE.—The trial court should not consider the question of whether or not the evidence was sufficient to justify the findings, at the time of the settlement of the bill of exceptions, as that question should be submitted on the bill of exceptions, and the court is not justified in refusing to settle the bill on this ground.

APPLICATION for a Writ of Mandate to require the settlement of a bill of exceptions. Writ granted.

The facts are stated in the opinion of the court.

J. R. Jaffray for Petitioner.

Adair & Winder for Respondents.

WILBUR, C. J.—This is an application by the successors of J. M. Tannahill, deceased, who was plaintiff in the case of J. M. Tannahill v. F. S. Greening, for writ of mandate to compel the respondent to settle a bill of exceptions in that case. The respondent refused to settle the bill of exceptions upon the objection of the defendant and entered the following order: "It is further ordered that objection number six set forth in the objections to said bill on behalf of the defendant F. S. Greening is hereby allowed." Objection number six was that the settlement of the proposed bill should be refused for the reason that it was impossible to ascertain therefrom how or in what respect the evidence is insufficient to justify finding number one or finding number two or any or either of said findings, in that it appears from the evidence quoted in said bill that the same was amply sufficient to justify each and both of said findings.

[1] The trial court should not have considered the question of whether or not the evidence was sufficient to justify the findings at the time of the settlement of the bill of exceptions, as that question was to be submitted on the bill of exceptions. The bill was proposed and should have been settled in order to secure a review of that very question.

It may be true that the bill of exceptions as finally adopted would require an affirmance of the judgment, but that is not to be considered upon the application for a settlement of the bill.

Let the writ issue.

Lawlor, J., Waste, J., Myers, J., Seawell, J., and Kerrigan, J., concurred.